IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GUY DUKE TERRY, PRO SE, § <br> also known as GUY D. TERRY, § <br> also known as GUY TERRY, § <br> TDCJ-CID No. 1022551, § <br> Previous TDCJ-CID No. 348723, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> KIMBERLY A. BLACKERBY, Laundry § <br> Manager III; and L. CHAVEZ, Nurse § <br> Practitioner, § <br> § <br> Defendants. § | 2:13-CV-0234 |

## REPORT AND RECOMMENDATION

Plaintiff GUY DUKE TERRY, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains that on April 9, 2013, he was trying to take his pills at the pill window, under observation by defendant BLACKERBY, who was working as a security officer at that time. It was defendant BLACKERBY's duty to make sure the inmates actually took their medicine. Plaintiff said he had a lot of trouble swallowing his medicine because he had burned his mouth with hot coffee just before going to the infirmary. He said he told BLACKERBY, "It's not like I don't want to take them [the pills]." Plaintiff finally swallowed the pills and left. He says when he came back to the pill window for his last dose for the day, he was told his medication had been discontinued by N.P. Chavez.

Plaintiff says defendant BLACKERBY reported that he had remarked he "didn't want to take it [his medicine he] wanted to save it for later." Plaintiff accuses BLACKERBY of making a false statement and complains of defendant CHAVEZ relying on that false statement to discontinue his medications without conducting a proper investigation by drawing and testing his blood to determine the level of medication in it or by catching him with pills he had improperly saved. Review of plaintiff's grievances shows he had been prescribed Tramadol to treat back, hip, and leg pain due to a pinched nerve in his back.

Plaintiff says he suffers pain, loss of sleep from the pain, and hunger when the pain is too great for him to walk to chow.

Plaintiff requests an award of $25,000.00 for his pain and suffering; to have 100 mg. Tramadol given three times a day and renewed annually, automatically and with no waiting period; and that his Tramadol or need for it be treated under Chronic Care, relieving him of the $100.00 a year charge for medical care.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A. The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine whether it should proceed to answer by defendants or be dismissed.

## THE LAW AND ANALYSIS

The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997).

Whatever plaintiff thinks defendant BLACKERBY reported, the responses on his Step 1 and

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Step 2 grievances show his medication was discontinued because security and medical staff thought he was "cheeking" it, that is, he was not swallowing it but was hiding it in his mouth. If BLACKERBY was mistaken in this assessment, plaintiff has not shown how that violated his constitutional rights. At most, plaintiff's facts might support a claim of negligence against defendant BLACKERBY, if even that; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs). Plaintiff has failed to state a claim against defendant BLACKERBY on which relief can be granted.

As to defendant Nurse Practitioner CHAVEZ, if, as plaintiff pleads, she relied upon defendant BLACKERBY's assessment of plaintiff's actions, that fact does not show that CHAVEZ had personal knowledge that the discontinuation of plaintiff's Tramadol would create a substantial risk of serious harm to his health or safety or that she was indifferent to such risk. At most, it might simply support a claim of negligence, if even that. Nevertheless, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).

Plaintiff argues CHAVEZ should have either utilized a blood test to determine medication levels in his blood stream to see if he had skipped any medication or should have had his belongings searched to ferret out hoarded pills. Negligent or erroneous medical treatment or judgment does not provide a basis for a section 1983 claim. *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir.1993). As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo,* 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982). Plaintiff seeks to impose a duty on prison officials, *i.e.*, that they conduct additional investigation, which the United States Constitution does

not impose.

The facts plaintiff has presented in his allegations fail to state a claim against defendant CHAVEZ on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff GUY DUKE TERRY be DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of November 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the**

**fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).