IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GUY DUKE TERRY, PRO SE, <br> also known as GUY D. TERRY, <br> also known as GUY TERRY, <br> TDCJ-CID No. 1022551, <br> Previous TDCJ-CID No. 348723, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY A. BLACKERBY, Laundry <br> Manager III; and L. CHAVEZ, Nurse <br> Practitioner, <br><br> Defendants. | § § § § § § § § § § § § § § § § | 2:13-CV-0234 |

## ORDER OF DISMISSAL

Plaintiff GUY DUKE TERRY, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, originally filed suit pursuant to Title 42, United States Code, section 1983 complaining against six defendants employed or otherwise associated with the Texas Department of Criminal Justice and has been granted permission to proceed *in forma pauperis*.

On November 25, 2013, the Magistrate Judge issued a Report and Recommendation analyzing plaintiff's claims and recommending dismissal for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections December 9, 2013.

By his Objections, plaintiff argues[1] security personnel had an obligation to prove he was hoarding medication or, if they couldn't, then the worst that should have happened was that he should have received a disciplinary case, not a discontinuation of his medicine. This argument has no basis in law or in fact. The discontinuation of plaintiff's medicine was a medical decision allegedly made by defendant CHAVEZ, Nurse Practitioner, and was properly analyzed under the standard of deliberate indifference. Under that standard, there is no requirement that plaintiff be written a disciplinary case or that his blood be tested or a cache of pills be discovered. Plaintiff has not alleged facts showing defendant CHAVEZ knew of facts from which she could infer the discontinuation of his Tramadol would create a substantial danger of serious harm or that she ignored such an inference. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). In addition, plaintiff has not alleged facts showing any request for alternative treatments of his pain have been met with deliberate indifference.

As to defendant BLACKERBY, plaintiff's allegations state a claim of mistake or, at most, negligence, which will not support a claim under section 1983. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections filed by the plaintiff.

---

[1] Plaintiff also says the Report and Recommendation was incorrect in that the termination of his medication was in 2012, not in 2013 and that the distribution of pills was in the infirmary, not at the pill window. While the Court erred in stating the distribution of medication was at the pill window, that error is not determinative. The 2013 date was accurately taken from plaintiff's own account of events on his statement of claim; however, the date is also not determinative.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by GUY DUKE TERRY is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the ___11th___ day of December, 2013.

_____
MARY LOU ROBINSON
United States District Judge

3